1840.

PARMLY
*v.*
THE TENTH
WARD BANK.

</div>

---

In the matter of the petition of PARMLY *v.* THE TENTH WARD BANK.

---

A banking association, under the general act authorizing the business of banking, (April 18, 1838,) can only be proceeded against and dissolved in chancery for the causes assigned in the 27th section of the act : *Held*, that a discontinuance of business, reputed insolvency, large amount of notes outstanding and unpaid, notes protested in the hands of the comptroller and nonpayment of rent, were not grounds on which chancery could interfere and grant a receiver of a banking association, at the instance of a simple contract creditor. His remedy is at law.

---

MOTION for a receiver of the property and effects of the Tenth Ward Bank, an association for banking purposes under

<div style="margin-right: 0;">

*May* 20,
1840.

*Banking association.
Receiver.*

</div>

the act "to authorize the business of banking," passed April 18, 1838.

The principal grounds, on which the motion was founded, were : 1. Alleged insolvency by non-payment of rent and a note for five hundred dollars held by the petitioner ; 2. Refusal to pay debts ; 3. A violation of the then general act, in not having twelve and an half per cent. of specie on hand ; and, 4. Danger to the property of the association from want of character in its officers and directors.

Affidavits were read in opposition.

Mr. *Dillon*, in support of the petition.

Mr. *Clark*, contra.

*July* 13.      THE VICE-CHANCELLOR :—Although the note held by the petitioner for five hundred dollars is not a note which this banking association could lawfully issue for circulation as money, yet it is *prima facie* evidence of an indebtedness which it was competent for the bank to contract for some purpose incidental to the banking business ; and until it is shown to have been issued not for the benefit or on account of the bank, but for the private or individual benefit of the officers or persons who have put their names to the note in fraud of the banking association, it must be deemed and taken to be obligatory and binding upon the association.

No facts are shown to impeach the note, as a note issued on behalf of the bank, and the petitioner is, therefore, entitled to be regarded as a creditor of the bank to the amount of the note.

Then, as such creditor : what remedy has the petitioner or what right to come into this court ?

By the twenty-second section of the general act (authorizing the business of banking) he might sue at law and recover judgment and have execution as in ordinary cases. By the twenty-seventh section, the association may be proceeded against and dissolved by the court of chancery in the same manner as any moneyed corporation may be proceeded against and dissolved. A moneyed corporation may be proceeded against and dissolved by bill or petition filed by the attorney general or by

a creditor, either before or after judgment or by a stockholder: 2 R. S. 462, 464. And, in like manner, a creditor may proceed against a banking association and have an injunction and a receiver. But for what cause and on what grounds may a creditor thus proceed ? These are specified in section twenty-seven of the act itself. They are, neglect to make out and transmit the semi-annual statement of the affairs of the association to the comptroller and a violation of any of the provisions of that act. I apprehend these are the only grounds upon which this court can assume jurisdiction, at the instance of a creditor at large, to dissolve one of these banking associations and wind up its affairs.

The discretionary power given to the Chancellor by the twenty-fifth section is merely a visitorial power and is not given to authorize a dissolution or any other interference with its concerns, except an examination for the purposes therein designated and a publication of the result. It has been recently decided in the supreme court and in the court for the correction of errors that these banking associations are not corporations within the meaning of the constitution requiring a two-third vote to pass the act creating them : and if not corporations in that sense, then I think they are not corporations within the meaning of the revised statutes liable to be proceeded against for insolvency or other causes therein specified : 2 R. S. 462, 464. If so, it is not to the revised statutes that this court is to look for its authority or jurisdiction over these institutions, but to the act itself under which they are formed. Then, does this petition set up or allege any of the grounds mentioned in the act? It does not pretend that there has been any neglect or omission to furnish the semi-annual statements to the comptroller or any other particular violation of the provisions of the act except one, namely, in not having on hand twelve and a half per cent. in specie as required by the thirty-third section. This is an admitted fact; but it is no longer of importance, because on the fourteenth day of May last, eight days after this petition was presented, the thirty-third section was repealed(a) and not having specie is not at this time a ground for dissolution or a breach of any of the provisions of

(a) Act of May 14, 1840, chap. 363.

the act. The chief grounds of complaint in the petition are, discontinuance of business, reputed insolvency and inability to pay their debts, "large amount of notes outstanding and unpaid, suffering its circulating notes to be returned to the comptroller for redemption, and the non-payment of rent for the premises occupied by the association." But none of these matters appear to be violations of the act within the meaning of the twenty-seventh section ; because, for these, ample remedies at law are provided ; and there are numerous express provisions, in the 24th, 28th, 30th and 31st sections, to which the clause in the 27th section may well refer. The issuing of post notes to circulate as money is also alleged in the petition and the fact is admitted. This practice is unauthorized by the act and unlawful—not because it is so declared by the act itself and is there in terms prohibited, but because it is against the policy and provisions of the general restraining act : 1 R. S. 712. Hence, the issuing of such notes is not a violation of the provisions of the act not being within any of its prohibitions until the legislature thought proper to prohibit the practice by the amendatory act passed the 14th of May last.

There are several other matters set forth in the petition, but I do not perceive that any of them are acts amounting to a violation of the provisions of the law so as to warrant this proceeding. Whatever rights the petitioner may have as a creditor, are cognizable at law ; and he must be left to pursue them there.

His motion here, for a receiver, must be denied, with costs to be taxed ; and it will follow, as a matter of course, to dismiss the petition and dissolve the injunction.