## CHRISTIE *vs.* HERRICK & CLARK.

Where it appeared, in a suit brought by the assignee of a mortgage to foreclose the same, that it was the intention of the assignor to give to such assignee the right to receive the moneys due upon the mortgage, and to foreclose in his own name, and to apply the proceeds of the mortgage to the payment of certain debts for which the complainant was holden as the surety for the assignor; *Held* that a decree in such suit would be a perfect protection to the defendants therein, and to those who might become purchasers under the decree, against any claim of the assignor or of the creditors whose debts were thus provided for; and that it was unnecessary to make the assignor, or the creditors, parties.

Christie *v.* Herrick.

Where a mortgage is assigned as a mere security for the payment of a debt, or where but a part of the mortgage debt is assigned to the complainant, the assignor is a necessary party to a bill filed to foreclose such mortgage.

But where there is an absolute and unconditional assignment of a bond and mortgage, and the assignee subsequently files a bill to foreclose the mortgage, it is not necessary to make the assignor a party.

The same principle is applicable, *it seems,* to the case of an absolute assignment of a bond and mortgage to a third person in trust, to collect the amount due thereon, and apply the same to the payment of the debts of the assignor.

It is a general rule that all persons materially interested in the subject matter of the suit ought to be made parties; and that the cestui que trust, as well as the trustees, should be brought before the court. But it seems the case of assignees or other trustees of a fund, for the benefit of creditors, who are suing for the protection of the fund or to collect moneys due to the fund from third persons, is an exception to the general rule that the cestui que trust must be made a party to a suit brought by the trustee.

THIS was a demurrer by Herrick, one of the defendants, to the complainant's bill. The object of the bill was to foreclose and obtain satisfaction of a bond and mortgage, given by Herrick to T. D. Christie, on the 14th of November, 1840, conditioned for the payment of $2759, with interest from the date of such bond and mortgage; of which sum $759, with the interest thereon, was to be paid in one year, and the residue in four equal, annual payments from that time. The bill set out an absolute assignment of the bond and mortgage to the complainant, in May, 1841. But the assignment stated that the money, when collected, was to be applied in liquidation of the debts for which the complainant stood security for the assignor. The bill further stated that in May, 1843, the complainant brought a suit upon the bond, in the supreme court, against Herrick, in the name of the obligee therein, and recovered a judgment for the penalty of the bond, and for $53,45 damages and costs; and that an execution was issued upon such judgment, in June, 1843, upon which execution there was endorsed a direction to the sheriff to levy $1259, and the interest thereon from the date of the bond and mortgage; that being the amount then due and payable according to the condition of such bond and mortgage, and the costs, and interest thereon from the date of the judgment. This execution was afterwards returned unsatisfied, except as to three

dollars. The complainant further alleged, that he subsequently filed a creditor's bill against Herrick, for the purpose of collecting the amount due upon the judgment, in which suit he had realized, or would realize, exclusive of costs, the sum of $1197,08, and interest thereon from the 13th of May, 1843, which was the whole amount received or secured to him on account of that judgment. And he then averred that the sum of $1232,85 was due to him for principal, on the 14th of November, 1840, with the interest on that sum from the 13th of May, 1840, and which still remained due and unpaid; and that a further instalment of $500, with interest thereon from the 14th of November, 1840, would become due on the 14th of November, 1845. The defendant demurred to the bill specially, upon the ground that it appeared that T. D. Christie had an interest in the mortgage, and that he was not made a party to the suit.

*S. J. Wilkin,* for the complainant. I. It does not appear from the bill that T. D. Christie has any interest in the mortgage. The bill sets forth that T. D. Christie, on the 6th day of May, 1841, by his instrument in writing endorsed on the mortgage, for value received did assign the same, together with the bond accompanying it, to the complainant; the money, when collected, to be applied in liquidation, on the debts; the complainant stood security for the said T. D. Christie to Howell, Reeves, and others not mentioned. The instrument thus set forth is an absolute assignment. It transfers to the complainant the mortgage, bond, and all in any wise belonging thereunto. His title is not subject to any condition by which it may be re-vested in the assignors. It is not necessary that any thing should happen or be done, to make the complainant's right to the mortgage perfect and complete. (*Whitney* v. *McKinney,* 7 *John. Ch.* 144. *Miller* v. *Bear,* 3 *Paige,* 468.)

II. Although the objects to which the mortgage money is to be applied, when collected, are specified in the assignment, yet that provision does not make the right of the complainant to the mortgage any the less perfect and absolute. His right to foreclose the mortgage and get in the money due thereon, is by the as-

Christie *v.* Herrick.

signment, certain and exclusive. It is only when the money is collected, that T. D. Christie can have any claim to interfere with his proceedings, if at all.

III. Unless it appears from the bill, that T. D. Christie has some interest in the subject matter of this suit, that is, in the money due on the mortgage, at least, he is not a necessary party. This must appear at least probable. The phraseology employed in the assignment, would seem to imply, that there would be no surplus. The money, when collected, is to be applied in liquidation on the debts referred to. Courts of equity will not require a person having only a possible interest, or one not necessarily affected by the decree, to be made a party. (*Lube, Eq. Pl.* 23, *note.*)

IV. It is the better rule concerning parties to suits in equity, that every person who has an interest in the object of a suit, is a necessary party, and no others. (*Story's Eq. Pl.* 96, *note. Id.* § 72, 141.) Here T. D. Christie has no interest in the proceedings for foreclosure. He has transferred to the complainant the mortgage, and by such transfer there is vested in him fully and exclusively the right to foreclosure.

V. If it is considered that Thomas D. Christie stands in the position of one having a contingent interest in the surplus proceeds of the mortgage, after the payment of the security notes, he is not, in such case, a necessary party to this suit. His rights, in this view of the case, amount to no more than a mere equity, to call upon the assignee of the mortgage, to account for the proceeds after they are collected. He has intrusted to the complainant the sole power of collection, and his equities are subject to such power. (*Rogers v. Tradesman's Ins. Co.* 6 *Paige*, 587.)

VI. The rule requiring all persons interested to be made parties, does not extend to all persons consequentially interested. (*Story's Eq. Pl.* § 140.) The interest of T. D. Christie, if he has any in this suit, is merely consequential.

VII. In all the cases, in the courts of equity of this state, where it has been held, that the assignor of a mortgage was a necessary party to a bill of foreclosure, the assignments were in

the nature of a mortgage, and not absolute, as in this case. (*See* 7 *John. Ch. Rep.* 144.)

VIII. There can be no pretence that perfect justice cannot be done, without making T. D. Christie a party to the bill in this suit. His rights cannot be affected by the proceedings of fore-closure, since these rights amount to a mere equity, to have an account with the assignee concerning the surplus proceeds, after payment of the debts mentioned in the assignment, if it shall turn out that there is such a surplus. Nor do his rights warrant him to interfere with the proceedings for foreclosure. They can only be enforced when the mortgage moneys are got in, by the assignee. And in what respect can the mortgagor, who has filed his demurrer, be benefitted, by making the mort-gagee a party? If he has equities which he desires to enforce against the mortgage, such equities cannot be affected by this addition to the parties. The complainant stands in the place of the mortgagee, and holds the mortgage subject to all equities which could be enforced if it had never been assigned. It has been established as a rule in courts of equity, that if the person whose non-joinder is complained of, would be a mere formal party, it will not be required to make him one. It is enough, if entire justice can be done.

*John Ganson,* for defendant Herrick. I. The assignment of the mortgage sought to be foreclosed is not absolute; it does not divest the mortgagee, Thomas D. Christie, entirely of his interest in the moneys secured thereby. For by paying the debts referred to in the assignment, he would have the right to redeem the mortgage of the complainant. He also has an in-terest in the account to be taken as to the sums paid, and as to the balance remaining due upon the mortgage. He is, there-fore, a necessary party. (*Hobart* v. *Abbott,* 2 *P. Wms. Rep.* 643. *Johnson* v. *Hart,* 3 *John. Cas.* 322. *Whitney* v. *Mc-Kinney,* 7 *id.* 144.) .

II. The mortgage having been assigned for the benefit of Samuel S. Seward, and others in the assignment named, they are necessary parties, as cestuis que trust.

III. The bill does not show that, at the time it was filed, there was $100 payable, and it does not appear with sufficient certainty therefrom, to what decree the complainant is entitled; inasmuch as it therein appears that $1197,08 of the moneys secured by the said mortgage have been otherwise secured to the said complainant, or have been partly realized. But it does not appear whether that sum, or any part of it, is so secured as to leave the premises still liable to the payment thereof, or to discharge them therefrom.

IV. The decree which is prayed for against persons not parties to this suit should not be granted. The bill prays for a decree barring and foreclosing all equity of redemption of those who have any liens upon the premises, and who are not made parties to the suit. That portion of the statute which rendered it unnecessary to make persons parties who have liens by judgment or decree subsequent to the mortgage, has been repealed. (*See Sess. Laws of* 1840, *p.* 289, § 9.) This section was *amended* in 1844. (*See Sess. Laws of* 1844, *chap*. 346, § 9.)

THE CHANCELLOR. The bill in this case does not show that the original mortgagee has such an interest in the bond and mortgage as to make him a necessary party to the bill of foreclosure. Where the mortgage is assigned as a mere security for the payment of a debt, as in the cases of *Hobart* v. *Abbot*, (2 *P. Wms.* 643,) and *Johnson* v. *Hart*, (3 *John. Cas.* 322,) cited by the defendant's counsel, or where but a part of the mortgage debt is assigned to the complainant, the assignor is a necessary party to a bill filed to foreclose the mortgage; so that a perfect decree may be made which will protect the mortgagor, and the purchaser of the mortgaged premises under the decree to be made in the suit, from any future claims which the assignor may make notwithstanding his assignment. But where there is an absolute and unconditional assignment of a bond and mortgage, to the complainant who subsequently files a bill to foreclose the same, it is not necessary to make the assignor a party to such suit. For, although the fact of the

Christie v. Herrick.

assignment may be contested in a subsequent suit by the assignor, the mortgagor must set up that defence, if it actually exists, in the suit brought against him by the assignee to foreclose the mortgage. Or, at least, the defendant must show by his answer, and by the proofs in the cause if the allegation in the answer is put in issue, that the assignor claims an interest in the mortgage adverse to the assignment, before he can compel the complainant to make the assignor a party to the suit. And the same principle appears to be applicable to the case of an absolute assignment of a bond and mortgage to a third person, in trust, to collect the amount due thereon and apply the same to the payment of the debts of the assignor. Such assignments are frequently made; and it would be unjust and oppressive to the mortgagor to charge him with the useless expense of making all the cestuis que trust parties, to a bill of foreclosure filed by the trustee. Yet there would be more propriety in requiring the complainant to make Seward, and the other creditors of the assignor, to whom the moneys collected on this bond and mortgage are, by the terms of the assignment, to be paid parties to this suit, than the assignor himself; who has only a contingent interest in the surplus, if any there should be, after the payment of those creditors. Again; from the terms of the assignment, as stated in the bill, I think it may fairly be presumed that the debts for which the complainant was liable as surety, and to the payment of which he is directed to apply the mortgage moneys when collected, are more than sufficient to exhaust all of the proceeds of the bond and mortgage when collected.

The general rule, unquestionably is, that all persons materially interested in the subject matter of the suit ought to be made parties; and that the cestui que trust, as well as the trustees, should be brought before the court, so as to make the performance of the decree safe to those who are compelled to obey it, and to prevent the necessity of the defendants litigating the same question again with other parties. But the case of assignees, or other trustees of a fund for the benefit of creditors, who are suing for the protection of the fund, or to collect moneys due to the fund from

Christie v. Herrick.

third persons, appears to be an exception to the general rule that the cestui que trust must be made a party to a suit brought by a trustee. Lord Redesdale says, trustees of real estate, for the payment of debts or legacies, may sustain a suit either as plaintiffs or defendants, without bringing the creditors or legatees before the court, which in many cases would be almost impossible; and the rights of the creditors or legatees will be bound by the decision of the court against the trustees. (*Mitf. Pl. 4 Lond. ed.* 174.) And in *Franco* v. *Franco,* (3 *Ves. Rep.* 76,) where one trustee filed a bill against another, to compel him to replace stock, belonging to the trust fund, which he had improperly sold, Lord Rosslyn overruled a demurrer, which had been filed by the defendant, upon the ground that the cestuis que trust, to whom the proceeds of the trust fund were ultimately to be paid, were not made parties. So in the case of *Bifield* v. *Taylor,* (1 *Moll. Rep.* 193, *Beat. Ch. Rep.* 91, *S. C.*) where a bill was filed by the trustee, to raise the arrears of an annuity which had been granted to him in trust for himself and four other persons, Lord Chancellor Hart overruled the objection of the defendant that the cestuis que trust were not made parties to the suit; it appearing to have been the intention, of the parties creating the trust, to give to the trustee the power to collect and receive the annuity, for himself and the other parties interested therein with him, without the necessity of their interference. The case under consideration comes directly within the principle decided in *Bifield* v. *Taylor.* For it was evidently the intention of the assignor of this bond and mortgage, to give to the assignee the right to receive the moneys due thereon, or to foreclose the same in his own name; and to apply the proceeds to the payment of the creditors to whom the complainant was holden as the surety for the assignor. I think, therefore, a decree in this case will be a perfect protection to the defendants, and to those who may become purchasers of the mortgaged premises under the decree, against any claim of the assignor or of those creditors, arising out of the assignment in trust; and that it was unnecessary to make the assignor or the creditors parties.

Christie *v.* Herrick.

Another objection was raised upon the argument of the demurrer, which was not stated in the demurrer itself; that it does not sufficiently appear upon the bill that there was $100 due and payable, or how much was in fact due upon the bond and mortgage, exclusive of what had been collected by the execution at law, or upon the creditor's bill founded on the judgment and execution upon the bond. The complainant has undoubtedly made a mistake in the insertion of dates in his bill; probably by leaving out the word *four*, after the words " one thousand eight hundred and forty," in stating the amount of the principal, $1232,85, due upon the mortgage, exclusive of the last instalment; and by omitting the word *three*, in stating the year when the interest on that amount commenced. By the statement in the bill, the $1232,85 is alleged to have been due on the day of the date of the mortgage, one year before any part of the mortgage moneys became payable by the terms of the bond and mortgage, and that the interest on that amount is due from the 14th day of May, 1840, which is six months before the bond and mortgage were executed. But as it is alleged that the whole of this amount remains due and unpaid, and the bill shows that the whole amount collected upon the judgment, and under the creditor's bill, was two or three hundred dollars less than the sum which had become due and was unpaid at the time of the recovery of the judgment, it does not appear from the bill that the amount in controversy does not exceed $100. A general demurrer to the bill cannot therefore be sustained. And the complainant can correct these errors, by stating the amount which was actually due at the time of the commencement of the suit, in an amendment of his bill, before the defendant puts in his answer.

The demurrer must be overruled, with costs. And the defendant must pay those costs, and put in his answer, within twenty days; or in case the complainant amends his bill, he must answer the same within forty days after the service of the amended bill and the order to answer, or the bill will be taken as confessed.