WELCOME P. BRAND v. WILLIAM W. SMITH AND GEORGE
SMITH.

*Mortgage — Foreclosure — Assignment — Substitution of parties—*
*Installments—Sale—Supplemental decree.*

1. Where, after the foreclosure of a mortgage for one installment
   of the mortgage debt, the complainant dies, and the amount
   due on the decree is paid to his estate, the decree is person-

alty, and may be sold and assigned by his administrator, and the assignment will carry with it the note and mortgage.

2. The suit having abated by the death of the complainant, no further proceedings can be had until the rights of the assignee are brought before the court; citing *Webster v. Hitchcock*, 11 Mich. 56; *Perkins v. Perkins*, 16 Id. 162; *Brewer v. Dodge*, 28 Id. 359.

3. By the assignment the assignee stands, in all things, in the same position as did the complainant, and with the same right to enforce the decree as to future installments.

4. The assignee may be substituted as complainant in the original suit under Chancery Rule No. 125, which provides that whenever the complainant in a chancery suit wherein the right is, under existing rules of law and equity, assignable, shall have transferred his interest in the subject-matter of the litigation, either voluntarily or by process of law, the suit shall not thereby be abated, but the transferee may present his petition to the court in which said suit is pending, setting up the fact of such transfer, and asking to be substituted as complainant in the suit, and if, at the hearing, it appear to the court that such transfer has been made, an order shall be made substituting the transferee as complainant in said suit, and it shall continue for the benefit of said transferee as though no transfer had been made.

5. In case of default in the payment of another installment of the mortgage debt, the assignee may, under the interest clause in the mortgage, declare the entire debt due and payable; and the court has power under How. Stat. § 6714, upon the petition of the assignee, by a further order founded upon such first decree, to direct a sale of the mortgaged premises to satisfy the remainder of the mortgage debt.[1]

---

'For cases bearing upon the construction of and practice under How. Stat. §§ 6712, 6714, which provide for a supplemental decree to enforce the payment of installments of the mortgage debt maturing after the granting of the original decree, see:

1. *Bank v. Steevens*, Walk. Ch. 6, cited in the opinion, and which gives the form of the petition for such decree.

2. *Perkins v. Perkins*, 16 Mich. 162, 166, holding that in mortgage cases a decree for the first installment, while it must necessarily go upon a finding of the existence and validity of the entire mortgage, will not justify any assumption that a second default has occurred, without new proceedings calling on the defendant to respond to the new cause of action.

3. *Brown v. Thompson*, 29 Mich. 72, 74, holding:

' *a*—That, where a mortgage is made payable in different installments, each installment is so far separate from the rest that a payment *before* decree of the amount due puts an end to the suit, and it is only by virtue of the statute that such a payment

Appeal from Shiawassee. (Newton, J.) Argued March 8, 1894. Decided March 20, 1894.

Petition for further order of sale, founded on decree in suit to foreclose a mortgage. Complainant appeals. Decree reversed, and case remanded for further proceedings. The facts are stated in the opinion.

*Lyon & Hadsall,* for complainant.
*Walter McBride,* for defendants.

LONG, J. William W. Smith and wife gave a note, and a mortgage on land to secure it, for $3,000, to Welcome P. Brand, July 2, 1890. Five hundred dollars was payable April 1, 1891, and the same amount each year thereafter until the entire principal should be paid, with interest at 7 per cent., payable annually. The mortgage contained the provision that should any default be made in the payment of the interest, and continue for 90 days, the whole sum of principal and interest should become due, at the option of the mortgagee, his representatives or assigns. The note and mortgage were assigned to Bruce Buckminster December 13, 1890, and the first installment of principal and interest was paid. The next payment not

*after* decree does not have the same effect; that the effect of a default in such a case can only be to admit the securities as alleged, and the amount then due, and therefore the non-payment of any future installment can only be established when the fact is alleged of record, and the defendant has had an opportunity to meet it.

*b*—That the proceeding to obtain a further decree is essentially a new suit in all except form, and the *dictum* in *Bank v. Steevens,* Walk. Ch. 6, to the effect that no one but the mortgagor is entitled to notice, is not authorized by legal principles, but, on the other hand, any person whose interests are to be affected has a right to be heard, and it would not be lawful to deprive him of it.

*c*—That service of papers in such a case must be made personally or by publication, the same as in the original suit. and any defense which a defendant may have can be introduced and established by proofs, the issues differing in no respect from those in the original suit, unless as to the execution of the mortgage and its terms, which are established by the original decree.

being made, a bill was filed by the assignee May 5, 1892, to foreclose the mortgage, and William W. Smith and Rebecca, his wife, and George Brand were made defendants. May 12 S. S. Miner entered his appearance as solicitor for William and Rebecca; but it appeared on the return of the subpoena that Rebecca was dead, and that George Smith should have been named as defendant, instead of George Brand. The bill was amended in these two particulars, a new subpoena issued, served, and returned, and a copy of the amended bill served on defendants' solicitor, who filed an answer for defendant George Smith, to which replication was filed; and the bill was taken as confessed by William W. Smith. Proofs were taken in open court upon due notice of hearing, no evidence being introduced or opposition being made by the defendants to the decree; and the usual decree of foreclosure and sale was made, finding $716.72 due, and $2,000, with interest from April 1, 1892, to become due. The decree was enrolled, the premises noticed for sale, and on the sale day, July 7, 1893, the amount due, with costs and interest, was paid.

The complainant died intestate after the decree, and his widow, Myra A., was duly appointed his administratrix, who, after the payment aforesaid on the decree, as administratrix, assigned the decree and the note and mortgage to Welcome P. Brand, complainant herein. On the 5th of September, 1893, Welcome P. Brand presented a petition to the court, setting forth the foregoing facts as to said transfer, and praying to be substituted as complainant in the suit. The petition and notice of hearing were duly served on defendants' solicitors, who were present at the hearing, made no objection, and the court made the order of substitution.

On the 12th day of September, 1893, the complainant, Brand, presented his petition to the court, which had

been duly and personally served on each of the defendants, setting forth the facts, and showing, further, that another installment of the mortgage had become due, and had been unpaid for more than 90 days; electing to consider the whole debt due; and praying for a further order of sale founded on the decree, to satisfy the amount so due. The defendant George Smith, by his solicitor, Walter McBride, appeared at the hearing, and opposed the petition. The complainant offered in evidence all the files and records in the case, and proofs of the amount due; also, evidence as to the situation of the mortgaged premises. The defendants introduced no evidence. The court denied the prayer of the petition, with costs, and vacated the order made September 5, 1893, substituting Welcome P. Brand as complainant. From this order complainant appeals.

At the time the original decree was made, there was but one installment of principal and interest due on the mortgage. No election could then be made by the complainant as to further installments. After enrollment the complainant died, but his death did not prevent the execution of the decree. *Harrison v. Simons,* 3 Edw. Ch. 395. The statute provides that, in case of a mortgage payable in installments, on payment of the principal and interest due before decree the bill shall be dismissed. If the default is made subsequent to the decree, the court may, upon petition of the complainant, by a further order founded on such first decree, direct a sale to satisfy the amount due, etc. How. Stat. §§ 6711–6714. The form of the petition and the practice in such cases are laid down in the case of *Albany City Bank v. Steevens,* Walk. Ch. 6, where it is said:

" The petition, under this statute, should set forth briefly all the facts necessary to enable the mortgagor, as well as the court, to understand its object. It should

state when the bill was filed, the date of the decree, and the amount that had become due upon the mortgage since that time, and that the whole, or some part thereof, remained unpaid. A copy of the petition, with a notice of the time it will be presented to the court, should be served on the mortgagor, in order to afford him an opportunity to show cause why the prayer of the petition should not be granted, and, if no cause is shown, the petitioner will be entitled to an order of reference to a master to compute the amount due, and, on the coming in of the master's report, to such further order as the case may require."

The court below, in dismissing the petition, gave its reasons therefor, and held that the only remedy which the complainant had was by a new bill of foreclosure. We are satisfied, however, that the court was in error in so holding. Chancery Rule No. 125[1] provides that—

"Whenever the complainant in a chancery suit, wherein the right is under existing rules of law and equity assignable, shall have transferred his interest in the subject-matter of the litigation, either voluntarily or by process of law, the suit shall not thereby be abated, but the transferee may present his petition to the court in which said suit is pending, setting up the fact of such transfer, and asking to be substituted as complainant in said suit," etc.

The petition for substitution was made under this rule, and in compliance with it the order was made. No objection was made to the substitution at the time, though the parties were served with the proper notice, and actually appeared by their solicitors. When the petition for an order of sale was made, the defendants, for the first time, objected to the substitution, and the order theretofore made was set aside.

It is contended that the administratrix had no authority to make the sale and assignment of the decree. It was personalty, and the administratrix had authority to sell and assign it, and such assignment carried with it the note and

---

[1] See 93 Mich.

mortgage. The suit had abated by the death of the original complainant, and no further proceedings could be had until the rights of the assignee were brought before the court. *Brewer v. Dodge*, 28 Mich. 359; *Webster v. Hitchcock*, 11 Id. 56; *Perkins v. Perkins*, 16 Id. 162. By the assignment of the decree the complainant here stood, in all things, in the same position as did the complainant in the original proceedings, and with the same right to enforce the decree as to future installments.

The statute above referred to provides that the court, upon petition of the complainant, may make a further order of sale founded upon the first decree, to satisfy the amount due. The foreclosure proceedings were regular in all respects, and showed that there remained unpaid, and to become due, the sum of $2,000, with interest from April 1, 1892. The amount of the mortgage was payable in installments, some of which had not become due at the time; and it is objected that Brand could not elect to declare the whole amount due. We think the assignee had the same rights under the decree and the note and mortgage as had the original complainant, and no greater. At the time of filing the original bill, no such election was made, but the foreclosure was for the installment then due. This would not, however, estop the complainant from declaring the whole amount due when another installment remained unpaid, contrary to the terms of the stipulation in the mortgage; and, upon a petition for resale, the complainant could then declare the option, and insist upon a sale for the full amount of the mortgage. If the original complainant could do this, there is no reason why the assignee could not as well exercise that right.

The time of sale was within the discretion of the court, and the defendants in the proceedings could protect their rights by payment before sale, or by bidding at the sale.

The decree of the court below, dismissing the petition, must be reversed, and the case remanded to the court below, with direction to award the order of sale within such reasonable time as said court may fix to carry the same into effect. Complainant will recover costs of both courts.

The other Justices concurred.