## KRAUSE *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

INSURANCE—WAIVER—QUESTION FOR JURY.

> Whether the collection of a note given for premiums on a life-insurance policy constitutes a waiver by the company of an agreement between the parties substituting a new policy in place of the one for premiums on which such note was given is a question for the jury, to be determined by taking into consideration the denial of the company that it was intended to have such effect, together with the acts of the parties inconsistent with such denial.

Error to Wayne; Hosmer, J.   Submitted April 9, 1896.   Decided May 19, 1896.

*Assumpsit* by Samuel Krause, administrator of the estate of Benjamin S. Krause, deceased, against the Equitable Life Assurance Society of the United States, upon a life-insurance policy.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Atkinson & Haigh*, for appellant.

*Edward A. Gott* (*Alfred Russell*, of counsel), for appellee.

MONTGOMERY, J. This case has been before the court on two former occasions, and the opinions are reported in 99 Mich. 461, and in 105 Mich. 329. Practically the only question is whether, on the last trial, the circuit judge followed the opinion of Mr. Justice GRANT in 105 Mich. 329. The circuit judge left it to the jury to say whether the new arrangement, by which the new policy was to take the place of the old, was perfected and complete, and whether it was waived by the company afterwards. We think these questions were properly submitted to the jury. It was said by Mr. Justice GRANT in the former opinion that—

"The collection of the note cannot be held to have operated as a waiver of the new agreement, if there was one, and to have conclusively established the restoration of the first policy. It became, therefore, a question of fact for the jury to determine, whether, under all the evidence, such an agreement was made, and whether it was in force."

The jury might well have found that the parties did not intend that the agreement for the new policy should take effect until the note was delivered up; and the collection of the note, while not a conclusive evidence of waiver, under the circumstances, was some evidence of it, unless the court be bound to accept the explanation given by defendant's witnesses. But we think, when the acts of the parties are in any way inconsistent with their present testimony, and particularly when one of the parties to the transaction is dead, it is proper to allow the jury to determine whether such inferences are overcome by the testimony given.

The judgment will be affirmed.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.