(157 App. Div. 259.)

CORPORATE INVESTING CO. v. GRACEHULL REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department.   May 23, 1913.)

1. MORTGAGES (§ 401*)—MATURITY OF DEBT—ELECTION TO HAVE WHOLE SUM DUE.

An election to have the whole debt secured by a mortgage due upon a default by the mortgagor, pursuant to a provision for such election in the mortgage, may be made by an assignee as if made by the mortgagee himself.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1160–1165, 1208, 1209; Dec. Dig. § 401.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. MORTGAGES (§ 401\*)—MATURITY OF DEBT—ELECTION TO HAVE WHOLE SUM DUE.**

Where, upon the assignment of a mortgage, it was agreed between the assignor and assignee that the assignee was the owner of the mortgage only to the extent of $15,000, and that the assignor was still the owner of the balance of the mortgage debt, but that the ownership of the assignee was superior to that of the assignor, as if it held a first mortgage for its part of the debt, and that the assignee might collect the interest, accept payment, and foreclose, subject only to the duty to account to the assignor for her part of the debt, the assignee could, upon the mortgagor's default in payment of interest and taxes, elect to have the whole debt due, pursuant to a provision in the mortgage for election, without the assignor joining in or consenting to such election.

· [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ .1160–1165, 1208, 1209; Dec. Dig. § 401.\*]

**3. MORTGAGES (§ 497\*) — FORECLOSURE—JUDGMENT—CONCLUSIVENESS—PERSONS CONCLUDED.**

Where the assignor of a mortgage retained an interest in the mortgage debt, her rights could be finally determined in an action to foreclose brought by the assignee, and the judgment therein protected the mortgagor from any subsequent action by her, whether she was made a plaintiff or a defendant.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469, 1471–1473; Dec. Dig. § 497.\*]

Appeal from Special Term, Westchester County.

Action by the Corporate Investing Company against the Gracehull Realty Company and another. From an interlocutory judgment overruling a demurrer to the complaint, the defendant named appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Sol Rothschild, of New York City, for appellant.
William J. Wallin, of Yonkers, for respondent.

JENKS, P. J. The defendant corporation appeals from an interlocutory judgment that overrules its demurrer that this complaint, in an action to foreclose a mortgage upon realty in the sum of $25,000, does not state facts sufficient to constitute a cause of action. The complaint showed that the mortgage, with the bond, had been assigned by recorded instrument of assignment executed by the defendant Otis, mortgagee, to a title company, which in turn, by instrument of assignment, had transferred the obligations to the plaintiff, and that the plaintiff elected, in accord with certain provisions of the mortgage, that the whole principal sum be immediately due and payable on account of the failure of the defendant corporation, mortgagor, to comply with conditions to pay an installment of interest and certain taxes. The complaint further showed that the defendant Otis as mortgagee, and the said title company at the time of the said assignment by Otis to it, entered into a written agreement, under seal and for a valuable consideration paid each ·to the other, that the said title company owned bond and mortgage to the extent of $15,000 and interest, and that the said Otis "is the owner of the balance of said mortgage debt remain-

ing," but that the ownership of the said title company is superior to that of Otis, as if the said title company held a first mortgage for the sum of $15,000 and interest, and Otis "the balance as a second and subordinate mortgage to secure her interest in said mortgage debt." The said agreement was incorporated in the complaint, and contains other provisions which will be stated in the course of discussion.

The contention of the defendant corporation, appellant, is that it appears on the face of the complaint that there are two owners of the bond and mortgage, namely, the plaintiff and the defendant Otis, and that, at the time of the election by the plaintiff to call the entire principal sum, such sum had not become due according to its terms, save by breach of the said conditions as to payment of an installment of interest and the taxes, and that the plaintiff alone could not so elect, but that Otis must join in election. It appeared on the face of the complaint that prior to the commencement of this action Otis had refused plaintiff's request to join with the plaintiff in this action, and was therefore made a party defendant.

[1, 2] Such an election may be made by an assignee of the mortgagee as if by the mortgagee himself. Wiltsie on Mortgage Foreclosure (3d Ed., by Spurr and Rogers) § 63, citing authorities, among them Leopold v. Hallheimer, 157 N. Y. 696, 51 N. E. 1091; see, too, Stewart v. Ludlow, 68 Ill. App. 349; Brand v. Smith, 99 Mich. 395, 58 N. W. 363. I think that the plaintiff alone could foreclose. The said agreement executed between the said Otis and the said title company, in addition to the provisions heretofore recited, provides that the said title company is authorized to collect all the interest which is secured by said bond and mortgage, and shall retain therefrom a sum equal to the interest then accrued upon the share of said bond and mortgage owned by the party of the second part (the said title company), and then remit to the party of the first part any balance of interest remaining; that the said party of the second part, or any assignee of the interest of the party of the second part in said bond and mortgage, is authorized to accept payment of said mortgage and to execute the proper satisfaction therefor, and the holder so satisfying shall account to the party of the first part (the said Otis) for all money received in excess of the ownership in said mortgage of said party of the second part or its assignee. And it is further provided:

"The party of the second part shall have all the rights of any holder of said bond and mortgage, including the right to foreclose the same and to receive the proceeds of sale from the referee; but the party of the first part shall in any and every event have the right to an accounting for all money received by the party of the second part, or any assignee of the interest of the party of the second part, in said bond and mortgage in excess of the ownership of the party of the second part in said bond and mortgage. In case of foreclosure the party of the second part shall be under no obligation to protect the interests of the party of the first part upon a sale of the mortgaged premises.

"Fifth. All rights and authority given to the party of the second part under this agreement are irrevocable so long as the party of the second part, or any assignee of the party of the second part, has any interest in said bond and mortgage, and shall pass to and apply to the party of the second part, and to any assignee of the interest of the party of the second part in said bond and mortgage.

"Sixth. The interest of the party of the first part under this agreement in said bond and mortgage or mortgage debt is not assignable as against the party of the second part, except by an instrument duly executed in the manner required for the execution of a deed of real property and indorsed upon or attached to this instrument: no assignee of the interest of the party of the first part in said bond and mortgage shall have any rights under this agreement, nor be entitled to any payment thereunder, until such assignment shall have been exhibited to the party of the second part, and a copy thereof shall have been filed with the party of the second part, and the receipt of such copy shall have been noted by the party of the second part on this agreement. Whenever the proceeds of the ownership of the party of the first part in said bond and mortgage shall be paid to the holder of this agreement, it and all assignments thereof shall be surrendered to the party of the second part. The interest of the party of the second part is assignable to any person or corporation, without liability on the part of the party of the second part; but the interest of any such assignee shall be subject to this agreement.

"Seventh. This agreement shall be binding upon and inure to the benefit of the successors, legal representatives, and assigns of the parties hereto."

Thus the agreement specifically clothes the title company (and its assignee, this plaintiff) as against Otis with the rights of collection of the interest, of acceptance of payment of the bond and mortgage, and of foreclosure, subject in each event to an accounting to Otis. Jones on Mortgages (6th Ed.) § 1374, says:

"If, however, it appears from the assignment that it was the intention of the assignor to give the assignee the right to foreclose, or to receive the moneys in his own name, it is unnecessary to make the assignor a party, although he retains an interest in the mortgage. It was so held where the assignment was absolute in form, except that it stated that the money, when collected, was to be applied in liquidation of the debts for which the complainant stood security for the assignor. It is proper, however, to join both the assignor and assignee as plaintiffs in the action"—citing Christie v. Herrick, 1 Barb. Ch. 254.

Wiltsie on Mortgage Foreclosure (3d Ed., Spurr & Rogers) § 94, says:

"It is not necessary for the assignee to join his assignor with him as coplaintiff, as the assignor no longer has any interest in the bond and mortgage. This is also true where it is the assignor's intention simply to authorize the assignee to collect for his benefit the moneys secured by the mortgage"—citing the same case.

The following language of the Chancellor in Christie v. Herrick, supra, applies to the conditions in the case at bar:

"The case under consideration comes directly within the principle decided in Bifield v. Taylor. For it was evidently the intention of the assignor of this bond and mortgage to give to the assignee the right to receive the moneys due thereon, or to foreclose the same in his own name, and to apply the proceeds to the payment of the creditors to whom the complainant was holden as the surety for the assignor. I think, therefore, a decree in this case will be a perfect protection to the defendants, and to those who may become purchasers of the mortgaged premises under the decree, against any claim of the assignor or of those creditors, arising out of the assignment in trust, and that it was unnecessary to make the assignor or the creditors parties."

See, too, Long Island Loan & Trust Co. v. L. I. C. & N. R. R. Co., 85 App. Div. 38, 39, 82 N. Y. Supp. 644.

The cases cited by the learned counsel for the appellant (Shaw v. Wellman, 59 Hun, 447, 13 N. Y. Supp. 527, Cresco Realty Co. v. Clark, 128 App. Div. 144, 122 N. Y. Supp. 550, and Getty, Inc., v.

Cauchois, 141 App. Div. 443, 126 N. Y. Supp. 202) may be discrim-
inated in that in each of these cases the assignor and assignee, or those
in similar relation, stood before the court as joint owners of the ob-
ligation, and therefore the election of one owner would not suffice.
Daniels, J., in Shaw v. Wellman, supra, cites but the authority of
Marine Bank, etc., v. International Bank, 9 Wis. 57. In that case the
reason is well expressed by Cole, J.:

"That the mortgagor did not agree that the mortgagees, or their assigns,
might elect to have a part of the principal sum become due on his failure
to pay, within 30 days, any moneys secured by the mortgage. He agreed
that in such a case, at their option, the entire sum might become due and
collectible. * * * It was therefore not competent for the International
Bank, to which a part only of the mortgage debt belonged, to exercise the
election, without the co-operation of the Marine Bank."

But the said agreement between Otis and the plaintiff, as assignee
of the title company, takes this case out of the principle invoked by
the appellant.

[3] The defendant need not apprehend two judgments of fore-
closure, at the instance of the plaintiff and of Otis, respectively. Otis
is made properly a party defendant, and her rights may be finally de-
termined in this action so far as the defendant is concerned, and in
this respect it is immaterial whether she be made a party plaintiff or
defendant. Simson v. Satterlee, 64 N. Y. 657.

The interlocutory judgment must be affirmed, with costs of this
appeal, with leave to the defendant to plead within 20 days upon pay-
ment of costs. All concur.