D. Ormonde RitOhie, J.
This is an action to foreclose a mortgage upon real property and to reform said mortgage to the extent of correcting the description of the premises.
All defendants have defaulted in answering the complaint with the exception of the defendants Kinzelmann and Feil. Their answer admits each and every allegation of the complaint except paragraph “ Fourteenth ” which is denied.
The afore-mentioned paragraph alleges in substance that the answering defendants are the owners and holders, by an assignment in writing, of a junior interest in the mortgage sought to be foreclosed, which said interest is subject, subordinate and inferior to the interest held by the plaintiff. Despite this denial, the assignment clearly states that such is the case. The defendants assert that the complaint should he dismissed because they were not joined as parties ulaintiff and point to section 194 of *799 the Civil Practice Act, as authority for their position. This section provides that “ Of the parties to the action those who are united in interest must he joined as plaintiffs or defendants except as otherwise expressly prescribed in this act. If the consent of any one who should be joined as a plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint.”
The complaint makes the Kinzelmanns and the Feils parties defendants but does not recite that their consent to sue as plaintiffs was refused.
The partial assignment in evidence states in substance that the assignor plaintiff in this action shall have the sole and exclusive right, at all times, to (1) collect the interest on said note and mortgage and pay unto itself the interest on its share of the mortgage and then remit the balance of such interest to the assignees defendants; (2) accept payment in full of the mortgage and to issue a satisfaction therefor and to account to the assignees for all moneys received by it; (3) execute and deliver releases from the lien of the mortgage and to retain any moneys received to the reduction of its interest in the mortgage, and (4) foreclose the mortgage and to receive the proceeds of the sale and account to the assignees for all moneys received therefrom and pay them their proportionate share thereof.
In light of the language of this assignment, section 194 does not have any application to the instant situation. It appears that the plaintiff had a right to institute the foreclosure action without the consent of the assignees and that it was unnecessary to make them parties to the litigation at all (Corporate Investing Co. v. Gracehull Realty Co., 157 App. Div. 259).
However, the fact that the plaintiff has elected to make the assignees parties defendants presents no problem. These defendants cannot possibly be prejudiced. The rights and obligations of the plaintiff and assignees defendants have been established by the terms of their contract, namely, the assignment, and it will survive the judgment of foreclosure and sale to be hereinafter granted inasmuch as nothing has been alleged in the complaint which would indicate that such contract was not in full force and effect at the time this action was commenced.
Accordingly, judgment is directed in favor of the plaintiff and against all defendants for the relief prayed for in the complaint, subject to the rights however of the assignees defendants as set forth in the assignment of mortgage, together with costs and disbursements.