In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, Appellant, for an Order to Take Possession of the Property of the LAWYERS TITLE AND GUARANTY COMPANY.

CITY BANK FARMERS TRUST COMPANY, Respondent.

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, Appellant, for an Order to Take Possession of the Property of the NEW YORK TITLE AND MORTGAGE COMPANY.

CENTRAL HANOVER BANK AND TRUST COMPANY, Respondent.

(Submitted October 1, 1934; decided October 9, 1934.)

*Lawrence S. Greenbaum, Jonas J. Shapiro, Theodore S. Jaffin* and *Benjamin Kaplan* for motions.

*William D. Mitchell, Edwin W. Cooney* and *Edward L. Hunt, Jr.,* for City Bank Farmers Trust Company, opposed.

*Albert Stickney* and *Francis S. Bensel* for Central Hanover Bank and Trust Company, opposed.

*Per Curiam.* Application has been made to amend the remittitur in these two cases. Our decision affirmed the orders of the courts below, whereas it should have read that the orders below were modified in accordance with the opinions. It will be seen by a glance at these opinions that our conclusion was not in harmony with all the directions made in the Special Term orders. Therefore, our decision should be a modification of these orders in so far as they are inconsistent with what we stated in the opinions, and as thus modified, affirmed.

There was one matter presented on the argument in the briefs which was not mentioned in our opinions or dealt with by our decisions and which should receive attention. This is the question of compensation and expense payable to the Superintendent of Insurance as conservator in caring for and servicing the mortgages after he had taken possession of the companies and before a demand by the mortgagees for their papers and full control. There is no question that the Superintendent of Insurance as conservator is entitled to fair and reasonable compensation as well as to necessary expenses for carrying out the work of the title companies in servicing these mortgages so long as the owners of them permit or request him to do so. The vast majority of the mortgagees have left their mortgages with the title companies or the conservator. The work of caring for them, collecting interest, paying taxes, etc., is going on as usual. For such service the Superintendent is entitled to reasonable compensation. Whether it be the half of one per cent more or less, as provided for in the insurance contract, we do not determine. The question of compensation is a matter for the parties or the court of first instance to determine when the question arises. All that we do determine is that for the work done by the conservator up to the time of demand by the mortgagee to quit he is entitled to reasonable compensation from the mortgagee out of the funds received.

The motions to amend our remittiturs are, therefore, granted. The remittiturs will be returned to this court and, when returned, will be amended so as to read that "the orders below [in these two cases] are modified in accordance with the opinions and, as thus modified, affirmed, with costs."

The motions for reargument are denied.