**In re PRUDENCE CO., Inc. (two cases).**

**In re BROOKLYN TRUST CO.**

**In re CALLAGHAN et al.**

Nos. 27496, 27028.

District Court, E. D. New York.

Aug. 22, 1936.

Cullen & Dykman, of Brooklyn, N. Y. (Ralph W. Crolly, of Brooklyn, N. Y., of counsel), for Brooklyn Trust Co.

Kaufman, Weitzner & Celler and Thomas Cradock Hughes, all of New York City (Isadore Polier, of New York City, of counsel), for trustees of Prudence Co., Inc.

MOSCOWITZ, District Judge.

These are two motions, one made by the Brooklyn Trust Company for certain relief in connection with certain certificated mortgage issues under which it is depositary for the benefit of certificate holders; the other made by the trustees of the Prudence Co., Inc., for instructions relating to the demands of the Brooklyn Trust Company, as depositary.

These motions present for determination the right of the Brooklyn Trust Company, as depositary, to terminate the right of the trustees of the debtor to continue to service eight mortgages with respect to which Prudence-Bonds Corporation issued certificates of participation guaranteed by the debtor. The depositary agreements and the certificates, with the exception of the Kew Hall Certificate Issue, are identical.

The question for consideration is, whether the depositary has the right to terminate the agency of the trustees of the debtor with respect to each of these certificate issues. The debtor's default upon its certificates could not of itself permit the Brooklyn Trust Company to terminate the agency of the trustees of the debtor. Such default would not automatically revoke the agency. In Nemerov v. New York Title & Mortgage Co., 149 Misc. 797, at pages 801, 802, 268 N.Y.S. 588, 592, the court stated: "However, whether revocable or irrevocable, the exclusive agency, until properly revoked, is a valuable property right of the guarantor, and as such it forms part of the assets to be taken over by the superintendent of insurance as rehabilitator of the guarantor. The agency does not, in the event of a default upon the guaranty, terminate automatically as by conditional limitation. The effect of the default is merely to render revocable that which was previously irrevocable. The owner or owners of the collateral may be willing in many instances to permit the guaranty companies to retain the agency and to continue to 'service' the collateral, in the absence of an affirmative election to terminate the agency because of the guarantor's default, the agency continues to remain an asset of the guarantor." See, also, In re Lawyers' Title & Guarantee Company, 265 N.Y. 287, 192 N.E. 414; Kline v. 275 Madison Avenue Corporation, 149 Misc. 747, 268 N.Y. S. 582. It does not seem that the Circuit Court of Appeals in the Matter of Westover, Inc., 82 F.(2d) 177, held to the contrary. The question of the termination of agency was not before that court.

Excepting the Kew Hall issue, the depositary agreement provides in paragraph 17 that the depositary shall have the sole right to take any action deemed proper to protect the mortgage security, to foreclose, as well as to collect and in its own name to sue for and receive the principal and interest due upon the bond and mortgage. By paragraph 23 the depositary is authorized to and does appoint

Prudence-Bonds Corporation its agent to collect principal and interest upon the bond and mortgage and to disburse the same as provided in the certificates. The power to revoke the agency of Prudence-Bonds Corporation is reserved to the depositary. The debtor's agency is not referred to, nor is the depositary authorized to revoke such agency. The principal, the certificate holder, and not the depositary has the right to terminate the agency in the event of default. In the Kew Hall issue by paragraph 6 of the depositary agreement, the depositary "irrevocably appoints the Corporation (Prudence-Bonds Corporation) and the Guarantor (The Prudence Company, Inc.) as its Agents to collect all payments under the terms of the bond and mortgage, * * *" and the "Depositary, in the event of default under said guarantee, may, by instrument in writing addressed to the corporation, the Guarantor and the Mortgagor and owner of the mortgaged premises, revoke the authority hereby conferred upon the Corporation and the Guarantor to collect and disburse all payments. * * *" Paragraph 7 of the Kew Hall issue depositary agreement provides that unless and until there is a default under the guarantee, Prudence-Bonds Corporation and/or the guarantor shall have the sole right to collect all moneys payable under the terms of said bond and mortgage and may take any action which they or either of them may deem necessary or proper to protect the mortgage security. Upon default, such rights devolve upon the depositary.

In the seven issues the debtor, Prudence-Bonds Corporation, and the depositary were appointed agents of the certificate holders to protect their investment with limited authority given the depositary to employ Prudence-Bonds Corporation as its agent to collect and disburse sums received from the property.

While the depositary had the right to revoke the limited agency of Prudence-Bonds Corporation, it had no authority to revoke the agency of the debtor created by the certificate holders. In the Kew Hall issue the depositary was authorized to employ the debtor and Prudence-Bonds Corporation as its agents to enforce the covenants of the mortgage, and, in addition, had the power to revoke the agency.

The trustees are directed to comply with the demand of the depositary with respect to the Kew Hall issue. They are not required to turn over an assignment of rents held by the trustees as second mortgagees for, as such second mortgagees, the trustees are under no obligation to surrender the said assignment to the depositary acting for the first mortgagees. The trustees are instructed to retain possession of this assignment. The depositary is without authority to terminate the agency of the trustees to service the remaining seven issues.

Settle orders on notice.