JOHN C. SHAW, Appellant, v. FRANCIS S. WELLMAN AND Others, Respondents.

59 447
63 154
59 447
42ap 20.

*Foreclosure — option, on a failure to pay taxes, to have the whole amount of the mortgage become due — where the mortgage has been assigned as a collateral, the consent of the assignee is necessary to the exercise of such option — payment of taxes, pending the action, a defense — t may be set up by supplemental answer.*

A. bond and mortgage for $5,000 provided that upon a failure to pay the taxes upon the mortgaged premises the whole amount secured to be paid thereby, at the option of the holder, should become due. In March, 1887, the mortgagee assigned the bond and mortgage to one Ross as security for the sum of $4,000. In May, 1889, for a default in the payment of taxes, the mortgagee began an action for the foreclosure of the mortgage, to which Ross, at his own instance, was made a party defendant. Ross at no time had elected that the whole amount should become due. *Held*, that the action could not be maintained.

That the covenant relied on was for the benefit of the entire security, and that, to the extent to which it had been assigned to him, Ross was entitled to the benefit of each covenant in the mortgage, and that his assent was necessary to an action brought to enforce any covenant thereof.

Where, after foreclosure begun for default in the payment of taxes covenanted to be paid by the terms of a mortgage, the same are paid, the rule in equity is that the default is redeemed; and where this fact is set up by supplemental answer it is a defense to the action.

Appeal by plaintiff John C. Shaw from a judgment in favor of the defendant Francis S. Wellman, entered in the clerk's office of the county of New York on the 21st day of January, 1890; and from an order, entered in said office on the 17th day of January, 1890, granting an additional allowance to said defendant.

*Gratz Nathan and John C. Shaw*, for the appellant.

*Edgar J. Nathan*, for the respondents.

Daniels, J.:

The judgment recovered dismissed the complaint for the foreclosure of a mortgage, executed by the defendant Francis S. Wellman and Cora his wife, to secure the payment of $5,000, with interest, to the plaintiff, his heirs, executors, administrators or assigns, on the 1st of October, 1891. The action was commenced in or about the month of May, 1889, because of a default by the mortgagors in the payment of the taxes for the years 1886, 1887,

and 1888. The mortgage provided, in case of such a default for the space of sixty days, that the principal sum secured should, at the option of the mortgagee or his legal representative, become due and payable immediately. And that option was made by the plaintiff before this suit was commenced. But the further fact appeared in the case that, on the 17th of March, 1887, the plaintiff assigned the mortgage and the debt thereby secured to Reuben Ross, who, at his own instance and during the pendency of the action, was made a defendant therein. The assignment to this defendant was absolute in form, but, in fact, made to secure to him the payment of the sum of $4,000, which still remained unpaid, and he at no time elected to declare the debt secured by the mortgage to be due for the non-payment of these taxes.

The object to be attained by this part of the mortgage was to prevent the security from being reduced or diminished by the unnecessary existence of taxes upon the property. It was for the benefit of the security and its complete preservation. And after the assignment the assignee became entitled to its benefit to the extent of four-fifths of the secured indebtedness. For by the assignment the entire mortgage, with each of its covenants and provisions, was to that extent assigned to him. And after that the mortgagee had not the power to exercise control over it, so far as it had been transferred by the assignment. (*Browne* v. *Blydenburgh* (3 Seld., 141, 145). That was the clear nature and effect of the assignment. It gave the assignee control over the security to at least the extent of the interest assigned to him. And whether the debt secured should become due, because of this default of the owner of the equity of redemption, was so far confided to him to determine. That resulted from the assignment, which was subject to no reservation or exception beyond a right of redemption in the plaintiff. He could have redeemed the security by paying what was owing from him to the assignee, and thereby have re-acquired the sole right to exercise this option. But that he did not do. On the contrary, without the authority or concurrence of the assignee, and without ascertaining whether he deemed it for his interest that advantage should be taken of this clause in the mortgage, the plaintiff declared the debt to be due. The right to do this was equally for the benefit of the entire debt. It was an entirety consisting of an option affect-

ing the whole debt secured, and not a part of it. To take advantage of it was an authority vested in the owners of the debt, not in a portion of it. And as long as the assignee did not assent to the exercise of the option, the term of credit was not forfeited or lost by the act alone of the assignor. This subject, under circumstances quite similar in their effect, was examined in *Marine Bank, etc.*, v. *International Bank* (9 Wis., 57), and the same conclusion was adopted by the court.

It further appeared that these taxes were paid on the 21st of October, 1889, and that fact was alleged by a supplemental answer as a defense to the action. This payment in its effect fully restored all the rights intended to be protected by this part of the mortgage. It indemnified both the plaintiff and his assignee against all possible prejudice or loss arising from the default. And when that appears to be the fact, it is the policy of courts of equity to consider the default to have been redeemed by the payment. (2 Story's Eq. [5th ed.], § 1314.) When indemnity can, in this manner, be secured, and that shall in fact be made, then the rule in equity is not to enforce the forfeiture otherwise coming into existence. (Id., § 1319.) On this fact of payment of the taxes, a defense was also presented to the action.

The allowance complained of was made to the mortgagor, amounting to the sum of $100. It was authorized in the suit, as one for the foreclosure of a mortgage upon real property, by section 3253 of the Code of Civil Procedure, and was by no means unreasonable in its amount.

Without, therefore, considering whether the action was regularly brought by the plaintiff without, in the first instance, making his assignee a party, and which was so much discussed on the argument, both the judgment and the order should be affirmed, with costs.

Van Brunt, P. J., and Brady, J., concurred.

Judgment and order affirmed, with costs.