CLARENCE A. BEACH, Plaintiff, *v.* TANGIER HOTEL Co., INC., et al., Defendants.

(Supreme Court, Suffolk Special Term, January, 1920.)

Foreclosure — mortgages — when assignee of part interest may not foreclose — when motion for judgment on the pleadings denied.

> The assignee of an interest in a bond and mortgage may not alone elect to declare them immediately due, for default in payments agreed to be made.
>
> In such case, the assignee and his assignor are in equity joint owners of the bond and mortgage, and where the assignor upon his refusal to bring a foreclosure action is made a party defendant in such an action brought by his assignee, a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action will be sustained, and plaintiff's motion for judgment on the pleadings will be denied.

MOTION for judgment on the pleadings in an action to foreclose a mortgage.

Percy L. Housel, for motion.

Clarence A. Spear, opposed.

FABER, J.   Motion by plaintiff for judgment on the pleadings.

The action is for the foreclosure of a mortgage executed by the defendant Tangier Hotel Co., Inc., to secure the payment of $25,000 to the defendant Warner Moore, or his assigns, on February 20, 1920.   The amended complaint alleges that the plaintiff acquired an interest in the said bond and mortgage to the extent of $11,000 of the principal sum thereof through mesne assignments from the defendant-mortgagee, Moore;

that by said bond and mortgage it was agreed that the whole of the principal sum should become immediately due and payable, at the option of said Warner Moore, his heirs and assigns, after default in the payment of any interest thereon for the space of thirty days after the same should become due or in like manner upon any default in the payment of any tax or assessment levied upon the premises for the space of sixty days after notice and demand; that it was also therein further agreed that the mortgagor would keep the premises covered by the said mortgage insured for the benefit of the mortgagee and that in case of any default of the terms of said mortgage the said mortgagee should be at liberty and without notice to apply for the appointment of a receiver of the rents and profits of the mortgaged premises with power to take possession of the same and apply such rents to the amount found due upon any judgment of foreclosure of the said mortgage. It further alleges that the defendants have failed to comply with the terms of the said bond and mortgage by omitting to pay certain taxes levied upon the premises and that more than sixty days have elapsed since they became due and payable and after notice and demand for payment, wherefore the plaintiff, prior to the commencement of this action, elected and by the original complaint herein did thereby elect to treat as immediately due and payable the entire principal sum secured by the said bond and mortgage, and that the defendants have further failed to comply with the terms of the said bond and mortgage by omitting to pay $750, with interest thereon, which became due and payable on August 20, 1919; that more than thirty days have elapsed since the same became due and payable and the plaintiff has elected and does elect that the whole of the principal sum secured by said mortgage become and be immediately due and

payable and thereby the whole of said principal sum of $25,000 is presently due and payable with interest from February 20, 1917. It further alleges that the plaintiff, prior to the commencement of this action, requested the said Warner Moore to institute this action and he has neglected and failed and refused so to do, and is therefore made a party defendant. The complaint prays for the usual judgment of foreclosure and sale and asks that the moneys arising from the sale be brought into court and that the equity of the plaintiff and the defendant Moore in and to the principal secured by the said bond and mortgage may be adjusted and the sum realized upon the sale be divided between them in accordance therewith.

The only defendant appearing is Warner Moore, the mortgagee and assignor, who demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and the plaintiff now moves for judgment on the pleadings.

The defendant Moore contends that, it appearing on the face of the complaint that there are two owners of the bond and mortgage — the plaintiff and himself — and that, when plaintiff elected to declare due and payable the whole principal sum of said bond and mortgage, such sum had not become due according to its terms, except by reason of a breach of the condition as to payment of interest and taxes, the plaintiff alone could not so elect, but that Moore must join in the election.

The plaintiff argues that the assignment to him being absolute as to the $11,000 interest, he had the right, after Moore's refusal to join therein, to elect alone to declare the bond and mortgage immediately due.

It seems to be the settled law, and as I understand plaintiff's argument it is conceded, that if a bond and mortgage are owned by two persons jointly one can-

not elect as has been done in this case. *Shaw* v. *Wellman,* 59 Hun, 447; *Cresco Realty Co.* v. *Clark,* 128 App. Div. 144; *Corporate Investing Co.* v. *Gracehull Realty Co.,* 157 id. 259; *Marine Bank* v. *International Bank,* 9 Wis. 59, 69; Jones Mortg. (6th ed.) § 1182.

It seems clear to me that the assignment under which plaintiff claims being only *pro tanto* the assignor and assignee are in equity joint owners of the bond and mortgage and the election could not be made by the assignee alone; the assignor had to join with him. *Shaw* v. *Wellman; Cresco Realty Co.* v. *Clark, supra.*

The question here involved is discussed in the *Shaw* case where Justice Daniels, writing for the court, says: " without the authority or concurrence of the assignee, and without ascertaining whether he deemed it for his interest that advantage should be taken of this clause in the mortgage, the plaintiff declared the debt to be due. The right to do this was equally for the benefit of the entire debt. It was an entirety consisting of an option affecting the whole debt secured, and not a part of it. To take advantage of it was an authority vested in the owners of the debt, not in a portion of it. And as long as the assignee did not assent to the exercise of the option, the term of credit was not forfeited or lost by the act alone of the assignor.''

Plaintiff's counsel argues that the case at bar is distinguishable from the *Shaw* case in that there ownership was joint and the plaintiff had assigned four-fifths of the debt to another as collateral security, while in the instant case the assignment was absolute. I cannot agree with counsel on this point. It seems clear to me that the defendant Moore and plaintiff are joint owners. In the cases which refer to absolute assignments as giving the right to the assignee to elect as in this case, the whole mortgage debt was assigned and it is settled law that in such cases the assignee is

in the same position and vested with the same powers· as the assignor.

Counsel for plaintiff also urges that the case of *Corporate Investing Co.* v. *Gracehull Realty Co., supra,* is an authority for his contention. A casual reading of the opinion in that case convinces me that it turned upon the agreement made between the assignor and assignee at the time of the assignment and that had there been no such separate agreement the result there would have been different. In the case at bar no separate agreement is alleged nor does it appear from the complaint that there was one, and in the absence of an agreement authorizing the assignee to elect, as has been attempted here, no authority is in him to do so. So also in the case of *Thomas* v. *Zahka,* 181 App. Div. 173, a participation agreement reciting prior ownership, etc., was entered into and that takes it out of the rule applicable to the case at bar.

If I am correct in my views, it follows that the motion must be denied.

Motion denied, with ten dollars costs, and demurrer sustained, with leave to plaintiff to serve an amended complaint within twenty days.

Ordered accordingly.