LEMPI HOLM, Plaintiff, *v.* GOODLEY HOLDING CORPORATION and Others, Defendants.

Supreme Court, Special Term, Bronx County, January 7, 1937.

*Sage, Gray, Todd & Sims,* for the plaintiff.

*Levy, Gutman & Goldberg* [*George Goldberg* and *William Gold,* of counsel], for defendant Goodley Holding Corporation.

HOFSTADTER, J. The plaintiff has instituted an action to foreclose a junior participating interest in a first mortgage covering real estate. The defendant owner of the fee makes this motion for an order directing the plaintiff to serve an amended complaint bringing in the plaintiff's assignor and present holder of the senior participating interest in the first mortgage on the ground, *inter alia,* that it is a necessary party to the action.

The determination · of this motion involves a construction of section 1079-a of the Civil Practice Act.

Prior to this enactment, a suit by a junior participating owner was subject to dismissal on the ground that the action constituted an attempt to split a single cause of action. (*Goodwin* v. *Investors & Traders Realty Co.,* 210 App. Div. 38.) Apparently, with this rule of law in mind, section 1079-a of the Civil Practice Act was

enacted in 1934. The section (as amd. by Laws of 1936, chap. 838, § 1) permits the owner of a junior participating share or interest in a bond secured by a mortgage to maintain an action in the event that the owner of the senior share " to whom is given the right in the participating agreement to enforce such bond and mortgage or mortgages shall fail or refuse to commence an action * * * after ten days' written notice and demand to commence any such action."

The plaintiff contends that by this enactment he is in the same legal position as a second mortgagee with respect to the property. I do not so construe the statute. The sole effect of the quoted provision is to create in the junior interest a statutory right to institute suit where otherwise suit had to await the pleasure of the senior interest.

It is clear that the bond and mortgage in its inception represents a single and distinct obligation on the part of the owner of the fee. To adopt the plaintiff's construction would be tantamount to a holding that by the assignment of shares or varying priorities with respect to a single indebtedness, several distinct and independent obligations are thereby created. The court may not adopt any such construction in the absence of a clear expression in the governing statute.

It is well settled that in a foreclosure action all parties interested in the ownership of the lien to be foreclosed must be joined either as plaintiffs or defendants. In view of this determination that the statute does not operate to create distinct and several rights and obligations in the holder of the junior participating share in a mortgage, the senior lienor is a necessary and proper party to the action. The motion is accordingly granted and the plaintiff is directed to serve an amended complaint within twenty days after service of copy of order with notice of entry thereof. Settle order.