LESLIE FRANK, Plaintiff, *v.* MAY S. JAFFA et al., Defendants.
Supreme Court, Special Term, Queens County, April 8, 1943.

*Jaffa & Silverman* for May S. Jaffa and another, defendants.
*Leslie Frank* for plaintiff.

FROESSEL, J. The plaintiff sets forth, among other things, that the bond and mortgage sought to be foreclosed was made on or about August 10, 1926, in the sum of $12,500, and by its terms was to mature on September 10, 1929. No extension agreements are alleged to have been made. By mesne assignments the mortgage is now owned by the plaintiff and the defendant Charles Jaffa, each owning an undivided one-half interest. Further allegations show that the defendant Charles Jaffa was requested to join the plaintiff in the bringing of this action because of the failure of the owners to pay interest, taxes and assessments, but he has failed to comply with said request. May S. Jaffa, wife of the defendant Charles Jaffa, is the owner of a two-thirds interest in the fee of the property sought to be foreclosed, and Isabelle W. Frank, the wife of the plaintiff, is the owner of the remaining one-third interest in the fee, subject, of course, to the lien of the aforesaid mortgage.

The moving defendants urge " the point of law " that where a bond and mortgage are owned by two persons jointly, one cannot alone elect to foreclose, relying on *Beach* v. *Tangier Hotel Co.* (110 Misc. 41). But the defendants misapprehend the import of that decision. It was there held that the assignee of an interest in a bond and mortgage cannot alone *elect* to treat as immediately due and payable the entire principal sum secured

by the said bond and mortgage because of the failure to pay interest and taxes; except for such defaults and a proper election, the principal of the mortgage would not there have matured.

This clearly distinguishes that case from the one at bar. Here, according to the complaint, the mortgage matured in 1929. Except for the moratory statutes, an action to foreclose might have been commenced at any time thereafter, whether or not there was a default in interest, taxes or assessments. The present defaults deprive the owner of the protection of the moratory statutes. No election to declare the principal due is required. The mortgage is past due.

Under these circumstances, the owner of an undivided interest in a bond and mortgage may sue in equity as partial assignee by joining the owner of the remaining interest in the mortgage as a party defendant, as was done here. (*Kline* v. *275 Madison Avenue Corp.*, 149 Misc. 747, 748; see, also, *Dahl* v. *Levenberg*, 172 App. Div. 919; *Great Neck Improvement Corp.* v. *Shoreward Realty Corp.*, 143 Misc. 792; Civ. Prac. Act, §§ 194, 1079-a; 1 Wiltse on Mortgage Foreclosure [5th ed.] § 318; 2 Fiero on Particular Actions and Proceedings [4th ed.] pp. 1407, 1408.)

The motion is, accordingly, denied with leave to the moving defendants to answer within ten days after service of a copy of an order to be entered hereon, with notice of entry, in which answer, of course, they may assert whatever equitable defenses they deem appropriate.