418 TRADING CORP., Respondent, *v.* MOON REALTY CORP. et al., Appellants, et al., Defendants.

First Department, February 15, 1955.

*Sidney Fluke* of counsel (*Onie & Fluke*, attorneys), for appellants.

*Isaac Anolic* for respondent.

*Per Curiam.* This is an action in foreclosure brought by plaintiff who is the owner by assignment of a junior interest in a second mortgage, on premises in the city of New York.

Plaintiff's motion for summary judgment was based upon the claim that defendants-appellants defaulted in payment of interest and amortization due on April 1 and May 1, 1954; and

further that they failed to remove violations of the department of housing and buildings within three months after the issuance thereof. The court granted plaintiff's motion for summary judgment. Whether there are triable issues, it is unnecessary to determine at this time in view of our disposition of the appeal on defendants' cross motion to dismiss the complaint.

Defendants cross-moved for summary judgment dismissing the complaint alleging that it was fatally defective in that plaintiff as the holder of the junior interest in the second mortgage failed to join the holder of the senior interest either as party plaintiff or as a defendant. Despite a belated letter signed by the senior participant consenting to the institution of the foreclosure action by plaintiff and a waiver of any right to be named as a party, we think that the holder of the senior participating interest in the second mortgage was an indispensable and proper party to the proceeding either as coplaintiff or as defendant. (Civ. Prac. Act, § 193.) In a foreclosure action all parties interested in the ownership of the lien to be foreclosed must be joined either as plaintiffs or as defendants. (*Dahl* v. *Levenberg*, 172 App. Div. 919; *Holm* v. *Goodley Holding Corp.*, 164 Misc. 45; *Frank* v. *Jaffa*, 181 Misc. 517 [Froessel, J.]; 2 Fiero on Particular Actions & Proceedings [4th ed.], pp. 1407, 1408; 1 Wiltse on Mortgage Foreclosure [5th ed.], § 318; Civ. Prac. Act, §§ 194, 1079-a.)

Failure on the part of plaintiff to join the senior lienor notwithstanding his consent and waiver given after the commencement of the action is a jurisdictional defect requiring dismissal of the complaint, without prejudice.

Accordingly, plaintiff's motion for summary judgment of foreclosure should be reversed, and the motion denied; defendants' cross motion to dismiss plaintiff's complaint should be granted, with costs, with leave to serve an amended complaint. The appeal from the order denying defendants' motion for reargument should be dismissed. Settle order.

Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ., concur.

Order granting plaintiff-respondent's motion for summary judgment of foreclosure reversed and motion denied; order denying defendants-appellants' cross motion for summary judgment reversed and motion granted; order denying defendants-appellants' motion for reargument dismissed. Settle order. [See *post*, p. 931.]

(Republished decision, March 9, 1955.)

Order granting plaintiff-respondent's motion for summary judgment of foreclosure reversed and motion denied; order denying defendants-appellants' cross motion for summary judgment modified so as to dismiss the complaint with leave to serve an amended complaint; order denying defendants-appellants' motion for reargument dismissed. Opinion *Per Curiam*. All concur.*

Present — COHN, J. P., CALLAHAN, BREITEL, BOTEIN and RABIN, JJ.

---

* Also printed *post*, p. 931. [REP.