WIGGINTON, Judge.
This appeal is from an amended final judgment foreclosing a mortgage. The major issue presented is whether appellee, as a joint owner of a mortgage, was entitled upon default to elect to accelerate his proportionate share of principal and accrued interest due on the mortgage without the other mortgage owner joining in the election. We hold that appellee was entitled to unilaterally accelerate, and affirm the final judgment.
The facts leading up to this novel issue began on April 5, 1978, with the purchase of certain property jointly owned by appel-lee Ellis Aultman and his then business partner, Ray McKinney. The purchasers were appellants, Homer Creamer and Billy Adams, who gave Aultman and McKinney a promissory note with a face amount of $70,000, secured by a mortgage on the *383 property. The note and mortgage were jointly payable to Aultman and McKinney in monthly installments of $625, with the first payment to be due on May 1, 1978.
Appellants’ first and second payments were both late. At their request, Aultman and McKinney changed the due date from the first to the tenth of each month, effective July 10, 1978. This was accomplished to accommodate appellants’ receipt of rental income from other properties which would be applied toward payment of their debt to Aultman and McKinney.
While the note and mortgage were jointly payable to Aultman and McKinney, the monthly payments were to McKinney, who physically held the original note and mortgage, and kept the partnership books. McKinney, in turn, would write a check to Aultman for one-half of each payment.
Beginning in May, 1978, and through December, 1980, appellants were late on eighteen of the thirty-two payments. In December, Aultman and McKinney concluded their partnership affairs, with the exception of appellants’ promissory note and mortgage. They orally agreed to have appellants split the monthly payment equally between Aultman and McKinney. Beginning in January, 1981, appellants began to write two monthly checks, each payable for $312.50.
Also in December, 1980, appellants sold the subject property to the present owner, and received back two notes and a wraparound mortgage. One of the notes was for $25,000, payable on December 1,1983, with interest thereon payable in twelve quarterly installments of $937.50 each, the first payment to appellants being due on March 1, 1981. The other note was for $64,567, payable in monthly installments of $625 each, with the first payment due on January 10, 1981.
Despite receipt of the above monies, appellants were habitually late in their payments to Aultman and McKinney through December, 1981. They completely missed the payments to Aultman for November and December, 1981, but brought McKinney’s payments current by the end of the year. Because of this delinquency, Ault-man advised appellants by letter on December 28, that if future payments were not received within ten days of the due date, he would institute foreclosure proceedings. The 10-day grace period allowed appellants to make payments to Aultman by the twentieth of each month.
Upon receipt of the letter, Creamer contacted Aultman and was given thirty days to tender the November and December payments. Several days later, one of the two monthly installments was paid by Creamer to Aultman, who again emphasized that he could no longer continue to accept late payments. Appellants brought the payments current with a payment made on January 30, 1982. Both the February and March payments were timely made to Aultman. Payments to McKinney remained current.[1]
In April, 1982, appellants were late in paying both Aultman and McKinney. Although McKinney accepted his late payment, Aultman did not, and hand delivered to appellants a notice of acceleration. McKinney did not join in the notice. Creamer thereafter offered McKinney another payment of $312.50 on April 30,1982. Although McKinney accepted the payment, he treated it as his own May payment. Indeed, no further half payment was offered him during the month of May, his next half payment being received on June 2; instead Creamer attempted to make a full payment of $625 to McKinney in May, which was refused.
Creamer attempted to tender Aultman’s half payment on several other occasions, but all were refused. Aultman filed a mortgage foreclosure complaint in June, seeking an accounting of the sum due him under the note and mortgage, or a sale of the property to satisfy the claim. The complaint was dismissed for failure to join *384 McKinney. An amended complaint was filed naming as defendants appellants, the current owner,[2] and McKinney.
McKinney filed an answer asserting that the half payments to him were current and that he had no reason to foreclose. Appellants answered denying that they had defaulted and denying that the note and mortgage specify a pro rata ownership interest between Aultman and McKinney. Affirmative defenses were raised alleging unconscionability, lack of legal consideration to permit division of the mortgage payments, and tender of the amount due. Aultman filed an answer to the affirmative defenses, denying them and asserting that appellants were estopped from challenging the split payment arrangement.
The trial court found in Aultman’s favor and adjudged that Aultman was due $30,-647.14, amounting to his proportionate share due on the note and mortgage, attorney’s fees and costs, and ordered the property sold at a public auction. On Ault-man’s motion, an amended final judgment was filed recognizing McKinney’s remaining lienhold interest in the property and ordering the subsequent purchaser’s right to possession to be subject to that superior interest.
On appeal, four points are raised challenging the amended final judgment. However, our discussion and resolution of the first point will necessarily include and resolve the remaining three points.
In their point I, appellants argue the trial court erred in allowing Aultman to accelerate and foreclose the mortgage when McKinney testified the obligation was current as to him and did not seek foreclosure. Appellants maintain that a mortgage is either current or in default and cannot, as a matter of law be half current and half in default. For this proposition, appellants rely on four New York eases which hold that joint owners of a mortgage must join in electing to declare the whole mortgage due on default. See Seligman v. Burg, 233 A.D. 221, 251 N.Y.S. 689 (App.Div.1931); Beach v. Tangier Hotel Co., 110 Misc. 41, 179 N.Y.S. 657 (Sup.Ct.1920); Frank v. Jaffa, 181 Misc. 517, 41 N.Y.S.2d 104 (App.Div.1943); Kline v. 275 Madison Avenue Corporation, 149 Misc. 747, 268 N.Y.S. 582 (Sup.Ct.1933).
First, we distinguish the above-cited New York cases as involving attempts by joint owners of mortgages to unilaterally declare the whole mortgage due. In the instant case, our joint mortgagee sought only his portion of the debt owed. This question has gone virtually unanswered since apparently the turn of this century, but appellants have cited two ancient English cases which have influenced our decision. Lowe against Morgan, 28 Eng.Rep. 1183 (Ch.1784), and Dame Mary Palmer, Widow v. The Right Hon. Frederick Earl of Carlisle and Others, 57 Eng.Rep. 169 (Ch.1833), both stand for the proposition that a joint mortgagee may seek foreclosure for his proportionate share as long as the other joint mortgagees are joined in the action as parties. In so holding, the English court recognized but rejected the argument that to allow the joint mortgagee to unilaterally foreclose might subject the mortgagors to harassment by as many different suits as there were interested parties. Clearly, by requiring joinder of interested parties, any degree of possible harassment to be suffered by the defaulting mortgagor would be reduced.
However, we are also particularly mindful of protecting the interest of the mortgagee. It cannot be disputed that “[t]he obligation of the mortgagor to pay and the right of the mortgagee to foreclose in accordance with the terms of the note and mortgage are absolute and are not contingent on the mortgagor’s health, good fortune, ill fortune, or other personal circumstances affecting his ability to pay.” Federal Home Loan Mortgage Corporation v. Taylor, 318 So.2d 203, 207 (Fla. 1st DCA 1975); Clark v. Lachenmeier, 237 So.2d *385 583 (Fla. 2d DCA 1970). We question the equity of the rule that appellants propose under the circumstances of this case. Were Aultman to be precluded from seeking his proportionate share of the monthly installments of principal and interest in default unless joined by McKinney, what remedy would he have should McKinney decline ever to accelerate and foreclose? The payments to McKinney were current, and as long as that state of affairs existed, Aultman would be forced to suffer delinquency as to his share. We decline to engraft such an inequitable rule onto the generous remedies accorded aggrieved parties of this state.
Appellants would argue that there is only one debt, one note and one mortgage, and Aultman’s and McKinney’s attempt to divide the interest in the note and mortgage verbally and without legal consideration violated the Statute of Frauds and was ineffective. Appellants cite no authority in support of this argument. Support is unnecessary, however, and begs the question. Appellants have been, and remain, indebted to Aultman and McKinney. However, by course of conduct they split their payments between Aultman and McKinney and thereby became indebted to each, individually; for one-half of the principal and interest. Appellants defaulted in their obligation. In view of the default, Aultman was entitled by the terms of the note to opt to accelerate and seek his proportionate share under the mortgage. Aultman was thereafter obligated to join McKinney as a party to the foreclosure, action, and that he did.[3]
Although a court in its discretion may refuse to grant a prayer for foreclosure for equitable reasons, those cases relied on by appellants for that proposition are clearly distinguishable. See e.g., Clark v. Lachenmeier; Federal Home Loan Corporation v. Taylor. Here appellants have a record of late payments; Aultman repeatedly granted reprieves, and finally gave notice of his intent to foreclose should any further payments be late, which notice we observe was not required under the terms of either the note or mortgage. Under the circumstances of repeated and unjustified delinquency in appellants’ meeting the mortgage obligation, the trial court did not abuse its discretion in this instance.
The final judgment is AFFIRMED.
LARRY G. SMITH and NIMMONS, JJ., concur.

. The record indicates, however, that these payments to Aultman and McKinney were not made on the same dates. The due date for McKinney’s half payment remained the tenth of the month, as he had not joined in Aultman’s December 28 letter.

. The current owner's answer and cross claim for indemnity are not pertinent to, nor a part of, this appeal.

. Thus, the acceleration being valid, we need not reach appellants’ argument that the trial court overemphasized the holding in Cook v. Merrifield, 335 So.2d 297 (Fla. 1st DCA 1976), regarding the issue of whether the mortgagee’s right to accelerate was optional or automatic under the terms of the note and mortgage.