FARMER, Judge.
The mortgagee appeals a final order setting aside an earlier final judgment foreclosing a mortgage. The order was based essentially on equitable considerations. Although the trial judge cited the doctrine of merger of estates to support his ultimate decision, it is clear that his decision rested on certain conduct by the foreclosing mortgagee.
We agree with the mortgagee that the rigid common law doctrine of merger has been changed by the supreme court and will no longer be applied as this judge would have done as an absolute bar to foreclosure.[1] *1323 Nevertheless we affirm the denial of foreclosure because there is record evidence to support the decision on the alternative equitable grounds. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979) (even when based on erroneous reasoning, decision of trial court will generally be affirmed if evidence or an alternative theory supports it); Creamer v. Aultman, 445 So.2d 382 (Fla. 1st DCA 1984) (court in its discretion may refuse to grant prayer for foreclosure of mortgage for equitable reasons); Cross v. Federal Nat. Mortgage Ass’n, 359 So.2d 464 (Fla. 4th DCA 1978) (mortgage foreclosure is an equitable action and thus equitable defenses are appropriate); Marsh v. Marsh, 72 Fla. 142, 72 So. 638 (1916) (courts of equity have supervision over judicial sales made under their decree, and may set aside sales for cause, even after confirmation); Maule Industries, Inc. v. Seminole Rock & Sand Co., 91 So.2d 307 (1956) (circuit court judge exercises discretion in deciding on rehearing whether the judicial sales should be set aside, and exercise of such discretion should not be interfered with by an appellate court in absence of abuse of such discretion); Maniscalco v. Hollywood Fed. Sav. and Loan Ass’n, 397 So.2d 453 (Fla. 4th DCA 1981) (right of a mortgagor to redeem as an incident of every mortgage cannot be extinguished except by due process of law); John Stepp, Inc. v. First Federal Sav. and Loan Ass’n of Miami, 379 So.2d 384 (Fla. 4th DCA 1980) (same); Licata v. De Corte, 50 Fla. 563, 39 So. 58 (1905) (one who has in good faith bought and assumed possession of mortgaged property pri- or to the proceedings for foreclosure may be permitted to redeem the property from sale under such foreclosure); Marion Mtg. Co. v. Grennan, 106 Fla. 913, 143 So. 761 (1932) (where, after executing unrecorded contract for deed to purchasers and subsequent mortgage, and going into possession, vendor conveyed property in fee subject to mortgage and assigned contract for deed to same grantee, such grantee had an equity of redemption).
Although we thus affirm, it is clear that the refusal to foreclose should be dependent on the contract vendee tendering payment in full, including accumulated interest, to the mortgagee (as resulting title holder) and closing on the sale within some relatively brief period of time. Accordingly, on remand the trial court shall amend its final order denying foreclosure to condition the denial on a prompt closing.
AFFIRMED, BUT REMANDED WITH INSTRUCTIONS.
STONE, C.J., and GUNTHER, J., concur.

. The doctrine of merger is no longer "mechanically applied” without considering the intent of the parties, and an intention that a transaction operate as a merger is essential in equity. Lassiter v. Kaufman, 581 So.2d 147, 148 (Fla.1991).